UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:02-CR-168 |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. Nos. 88, 90] |
| RONALD J. MERKOSKY, | : |  |
| Defendant. | : |  |

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Ronald Merkosky ("Merkosky") asks the Court to grant his motion for the production of evidence favorable to the Defendant under Rule 16 of the Federal Rules of Criminal Procedure. [Doc. 88.] The Government opposes Defendant's motion. [Doc. 90.] For the reasons stated below, the Court **DENIES** Defendant's request for the production of favorable evidence and **GRANTS** the Government's motion to quash Defendant's request for discovery.

## I. Background

On August 7, 2002, a jury found Defendant Merkosky guilty of possession of pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine (Count 2), as well as furnishing false and fraudulent sales records (Count 3). [Doc. 30, 31.] This Court sentenced the Defendant to 135 months of imprisonment on Count 2 and 36 months of imprisonment on Count 3, to be served concurrently, with three years of supervised

Case No. 1:02-CR-168
Gwin, J.

released to follow. [Doc. 42.] Defendant Merkosky appealed. [Doc. 43.] The Sixth Circuit affirmed

the Defendant's conviction on June 14, 2005, but remanded the case for re-sentencing based on

*United States v. Booker,* 543 U.S. 220 (2005).  [Doc. 54.]  On August 31, 2005, this Court re-

sentenced Merkosky to 130 months of imprisonment, allowing credit for time served, and followed

by three years of supervised release.  [Doc. 71.]  Defendant Merkosky again appealed. [Doc. 74.]

On June 29, 2007, the Sixth Circuit affirmed the Defendant's sentence of 130 months of

imprisonment on Count 2, but reversed the sentence on Count 3 and lowered Defendant's sentence

on Count 3 to 48 months.  The Sixth Circuit remanded the case back to the district court for re-

sentencing. [Doc. 87.]  This Court, on July 30, 2007, issued an amended judgment, sentencing

Defendant Merkosky to 130 months of imprisonment on Count 2 and 48 months on Count 3, to be

served concurrently and with credit for time already served.  [Doc. 89.]

Defendant Merkosky filed this instant motion for the production of favorable evidence on

July 13, 2007.  [Doc. 88.]  The Government then filed a motion to quash the Defendant's request

for discovery. [Doc. 90.] Defendant Merkosky filed a response in opposition to the Government's

motion to quash on September 6, 2007.  [Doc. 91.]

The Defendant seeks discovery of Federal Express shipping information and DEA incident

reports, as well as an inspection of discovery records in another case, *U.S. v. Mohammad,* No. 05-

252 (N.D. Ohio filed Aug. 5, 2003).  He claims that these materials are potentially exculpatory

evidence that he is entitled to review under Fed. R. Crim. P. 16 and *Brady v. Maryland,* 373 U.S.

83 (1963).  Defendant Merkosky argues that this discovery is necessary for him to prepare a 28

U.S.C. § 2255 petition. The Defendant, however, has not currently filed a 28 U.S.C. § 2255 petition

Case No. 1:02-CR-168
Gwin, J.

in this case.

## II. Discussion

Defendant Merkosky argues that Fed. R. Crim. P. 16 provides a vehicle by which a defendant

in a closed criminal case can petition this Court to order post-conviction discovery and initiate a new

trial. This Court disagrees.

## A. Procedural Issues

Defendant Merkosky's discovery request in this case is both untimely and without merit.

Fed. R. Crim. P. 16 authorizes the discovery of relevant documents in criminal cases and creates a

continuing duty "before or during trial" to disclose such materials.  Fed. R. Crim. P. 16.  Fed. R.

Crim. P. 16 does not authorize post-conviction discovery.  Furthermore, Fed. R. Crim. P. 33 governs

motions that seek to vacate a court's criminal judgment or request a new trial.  Fed. R. Crim. P. 33.

Rule 33(b) requires that all motions for a new trial based on newly discovered evidence "must be

filed within 3 years after the verdict or finding of guilty."  *Id.*  Motions for new trials based on any

other grounds than newly discovered evidence "must be filed within 7 days after the verdict or

finding of guilty." *Id.  See also U.S. v. Emuegbunam,* 268 F.3d 377, 397-98 (6th  Cir. 2001).

Defendant's instant motion was filed on July 13, 2007, nearly five years after the verdict

finding him guilty.  [Doc. 30, 31, 88.]  His discovery request is not based on newly discovered

evidence.  The motion is clearly untimely under Rules 16 and 33 of the Federal Rules of Criminal

Procedure. This Court, therefore, lacks jurisdiction to consider Defendant's post-conviction request

for discovery outside of the context of a 28 U.S.C. § 2255 civil proceeding.

## B. Substantive Issues

Case No. 1:02-CR-168
Gwin, J.

Even if this Court has jurisdiction to consider Defendant's post-conviction request for discovery, however, the Court denies Defendant's motion on its merits and finds no good cause to order the production of additional evidence in this matter.

Federal criminal defendants do not have an automatic right to discovery.  As the U.S. Supreme Court has noted, "There is no general constitutional right to discovery in a criminal case, and Brady did not create one." *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977).   However, criminal defendants may be entitled to limited discovery under the rule created in *Brady* and its progeny.  *Brady v. Maryland,* 373 U.S. 83 (1963). Under the *Brady* rule, the government violates a defendant's due process rights if the government, either willfully or inadvertently, withholds evidence that is favorable to the accused because it tends to exculpate the defendant or reduce the penalty for his crime, and this suppression results in prejudice to the defendant. *Strickler v. Greene,* 527 U.S. 263, 280 (1999); *Harbison v. Bell,* 408 F.3d 823, 830 (6th Cir. 2005).  To establish a constitutional violation based upon government suppression of evidence, the defendant must show that the requested evidence is relevant and material.  The Supreme Court has held that evidence can be considered material in the *Brady* context "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *U.S. v. Bagley,* 473 U.S. 667, 682 (1985).  The traditional remedy for a *Brady* violation is a new trial, but this remedy is available to a defendant "only after a defendant shows that there is a reasonable probability that had the *Brady* evidence been disclosed in time for use at trial, the first trial would not have resulted in a conviction." *U.S. v. Presser*, 844 F.2d 1275, 1286 (6th Cir. 1988).  The

Case No. 1:02-CR-168
Gwin, J.

defendant bears the burden of proving the elements of a *Brady* violation.  *Carter v. Bell,* 218 F.3d 581, 601 (6th Cir. 2000).

Defendant Merkosky's request for discovery of Federal Express shipping information fails under the *Brady* test.  The Federal Express shipping information, depicted in a photograph of U-Haul moving boxes, was offered and admitted at Defendant's trial as Government Exhibit 6-F.  [Doc. 28.] This evidence was used to help prove that cases of pseudoephedrine sold by the Defendant were seized from a methamphetamine lab in California. Defendant Merkosky had a full opportunity to examine the materials at that time.

In his opposition to the Government's motion to quash discovery, Defendant Merkosky tries to clarify his Federal Express discovery request by claiming that he is entitled to view the two physical cases of pseudoephedrine seized from California. [Doc. 91.]  However, the physical evidence, which was offered, admitted, and labeled as Government Exhibits 83-A and 83-B at trial, was available to the Defendant at that time. [Doc. 28.]  Furthermore, this Court is unpersuaded that the requested evidence is any more exculpatory than the photographs of the moving boxes that the Government has provided and that the Defendant has attached to his motion. [Doc. 88.]  The requested evidence is unlikely to be favorable to the Defendant, and, furthermore, was not suppressed by the Government. The Sixth Circuit has held that the government does not violate *Brady* when the accused was able to obtain the evidence from another source or when he knew or should have known of the relevant facts enabling him to take advantage of the information. *Spirko v. Mitchell,* 368 F.3d 603, 610 (6th Cir. 2004).  Therefore, Defendant's first request for discovery is additionally denied because the Government has not suppressed the evidence and Defendant had

Case No. 1:02-CR-168
Gwin, J.

the opportunity to obtain the evidence.

Defendant Merkosky's second discovery request, seeking permission to obtain information from the case of *U.S. v. Mohammad*, is also denied.  The Defendant argues, based "upon information and belief," that the Defendant in the *Mohammad* case may be the "true perpetrator"of the crimes for which Defendant Merkosky has been convicted.  [Doc. 88.] The Defendant, however, has not identified the requested material with reasonable specificity and has not provided adequate grounds to support his assertion. The defendant in *Mohammad* may have been involved in similar crimes around the same time that Defendant Merkosky was convicted, but this similarity fails to undermine confidence in Defendant Merkosky's conviction and lacks specificity as a discovery request.  At trial, the government gave testimony from a large number of witnesses who testified that Merkosky misrepresented when he said he had provided large quantities of pseudoephedrine to them.  The United States gave strong evidence in support of its claim that Merkosky diverted these quantities of pseudoephedrine to illegal purposes.  The *Mohammad* case is unrelated to Defendant's case and is not exculpatory evidence under *Brady*.

Defendant Merkosky also fails to show a *Brady* violation based upon the alleged Government suppression of DEA incident reports and phone records created in 1998 and 1999. The Defendant does not demonstrate the materiality of the requested information or the likelihood that prejudice has resulted from the Government's failure to disclose the information.  The Defendant has not shown that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley,* 473 U.S. at 682.  The fact that Defendant's first contact with the DEA may have occurred in the fall of 1998, and not the spring

Case No. 1:02-CR-168
Gwin, J.

of 1999, does not undermine confidence in the outcome of the trial and did not result in prejudice

to the Defendant.

The Defendant has had full opportunity to litigate his case during the nearly five years since

he was initially convicted and, with this instant motion, attempts to raise many of the issues that

have already been addressed and settled by the Court.  Defendant Merkosky's motion for discovery

is both untimely and without merit.

### III. Conclusion

For the reasons stated above, this Court **DENIES** the Defendant's motion for the production

of favorable evidence and **GRANTS** the Government's motion to quash Defendant's request for

discovery.

IT IS SO ORDERED.


Dated: September 10, 2007                         s/            *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE