UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
UNITED STATES OF AMERICA         :    CASE NO. 1:02cr-0168–01
                                 :
        Plaintiff,                :
                                 :
vs.                              :    OPINION & ORDER
                                 :    [Resolving Doc. 105]
RONALD MERKOSKY,                 :
                                 :
        Defendant.                :
                                 :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant, Ronald Merkosky, moves this Court award him the rights due to victims of crimes, pursuant to 18 U.S.C. § 3771, 42 U.S.C. § 10606, and 42 U.S.C. § 10607. The United States opposes the motion. For the reasons stated herein, the Court **DENIES** the motion.

**I. Background**

On May 8, 2002, a federal grand jury in the Northern District of Ohio indicted the Defendant Merkosky. The case proceeded to trial, where the United States offered evidence that Merkosky, the president of National Novelty Corporation, had sold products containing pseudoephedrine without complying with the regulations governing wholesale distributors of that List I chemical. A jury convicted Merkosky of possession with the intent to distribute pseudoephedrine in violation of 21 U.S.C. § 841(d)(2), and furnishing false or fraudulent sales records in violation of 21 U.S.C. § 843(a)(4)(A).

In this motion, Merkosky argues that he is a victim of several crimes. He states that the investigating officer in his case Michael Malasky, a DEA Diversion Investigator, falsely represented himself as a federal law enforcement officer and that this violated several federal laws. He further

Case No. 1:02cr168
Gwin, J.

states that agent Malasky made false statements in his affidavit supporting a search warrant, violating several federal laws. Agent Malasky allegedly stated that there were seven cases of pseudoephedrine with lot # 9964123A in his affidavit, but in fact, according to another investigator, there were only two cases bearing that lot number. He states that agent Malasky falsely testified to the grand jury, by misstating the law governing reporting and recording thresholds of pseudoephedrine distributors. Defendant Merkosky's authority for this misstatement is an Eighth Circuit case interpreting the law *after* agent Malasky's testimony. Defendant Merkosky further argues that AUSA Feran, who prosecuted the case, perpetrated fraud on the grand jury for allowing Merkosky's misstatement to stand.

Defendant Merkosky further alleges that two persons committed perjury in their testimony at his trial. Both of these persons stated that their companies had never purchased a case of pseudoephedrine from the Defendant's company, but the Defendant points to invoices and checks from both of their companies showing that they had. Finally, Defendant Merkosky alleges that agent Malasky committed perjury when he stated that his first contact with the Defendant's company was in the spring of 1999. Defendant Merkosky points to telephone records showing that the first contact was actually in the fall of 1998.

The United States moves to strike the instant motion on several grounds. Specifically, it argues that the Court does not have jurisdiction to decide this motion in the context of this closed criminal case.

## II. Law & Analysis

The Crime Victims Act defines victims as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. §3771(e). The Act confers certain rights

Case No. 1:02cr168
Gwin, J.

on victims of crimes, and the vast majority of these rights only have meaning in the context of a criminal prosecution. To establish oneself as a victim, 18 U.S.C. § 3771(d)(3) provides that

> "The rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred. The district court shall take up and decide any motion asserting a victim's right forthwith."

Additionally, "[a] person accused of the crime may not obtain any form of relief under this chapter." 18 U.S.C. §3771(d)(1).

Defendant Merkosky moves that this Court declare him a victim of a crime, but he fails to establish that he has been denied any specific right that the Crime Victims Restitution Act confers upon victims. 18 U.S.C. §3771(d)(3) only gives this Court jurisdiction to allow the purported victim to assert those rights. As such, the Court finds itself without jurisdiction to declare Defendant Merkosky a crime victim. The Court could only do so if that would allow him to effectuate any of the rights established by the Crime Victims Restitution Act.

Moreover, the Court finds that Defendant Merkosky's closed criminal case is an inappropriate forum in which to take up his purported victim status. Defendant Merkosky asserts that while no prosecution is underway, the alleged crimes occurred in the Northern District of Ohio, making this Court the appropriate forum. While the statute allows him to move to declare himself a crime victim in this district, however, it does not confer upon him the ability to make this motion in the context of his own criminal case. 18 U.S.C. §3771(d)(1) prevents a person accused of the crime from obtaining any form of relief under the Crime Victims Restitution Act.

Defendant Merkosky argues that he still may make a motion to be declared a victim of *another* crime in the context of his own criminal case. The Court disagrees. The Court considers

-3-

Case No. 1:02cr168
Gwin, J.

the policy behind §3771(d)(1) intends to prevent the accused, or in this case the convicted, from using the Crime Victims Restitution Act to their advantage in the cases against them.

Finally, the Court notes that other district courts have found the Crime Victims Restitution Act does not confer any rights upon a victim until a prosecution is already begun. *See United States v. Turner*, 367 F. Supp. 2d 319, 327 (E.D.N.Y. 2005) (noting ambiguous legislative history on whether victims of uncharged crimes qualify as victims under the act and discussing the practical problems with courts trying to determine who was a victim); *see also* ATTORNEY GENERAL GUIDELINES FOR VICTIM AND WITNESS ASSISTANCE 9 *available at* http://www.usdoj.gov/olp/final.pdf (defining a victim for the purposes of enforcing rights as "'a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia' (18 U.S.C. '3771(e)) if the offense is charged in Federal district court."). *But see United States v. BP Products North America Inc.*, 2008 WL 501321, 2008 U.S. Dist. LEXIS 12893, at *36-39 (S.D. Tex. 2008) (stating that a victim of an uncharged crime was a victim under the act, regardless of the practical problems). For these reasons, the Court finds it inappropriate to resolve Defendant Merkosky's motion on its merits.

### III. Conclusion

For the reasons stated above, the Court **DENIES** the Defendant Merkosky's motion.

IT IS SO ORDERED.

Dated: April 11, 2008                                     s/         *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE