UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:02-CR-00168-001 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 119.] |
| RONALD MERKOSKY, | : |  |
| Defendant. | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Ronald Merkosky requests that the Court reconsider its denial of Merkosky's motion to award him the rights due to victims of crimes pursuant to 18 U.S.C. § 3771, 42 U.S.C. § 10606, and 42 U.S.C. § 10607. [Docs. 116, 119.] For the reasons stated herein, the Court **DENIES** the Defendant's motion for reconsideration.

**I. Background**

On May 8, 2002, a federal grand jury in the Northern District of Ohio indicted Defendant Ronald Merkosky. The case proceeded to trial, where the United States offered evidence that Merkosky, the president of National Novelty Corporation, had sold products containing pseudoephedrine without complying with the regulations governing wholesale distributors of that List I chemical. A jury convicted Merkosky of possession with the intent to distribute pseudoephedrine in violation of 21 U.S.C. § 841(d)(2) and of furnishing false or fraudulent sales records in violation

Case No. 1:02-CR-00168-001
Gwin, J.

of 21 U.S.C. § 843(a)(4)(A).

In his motion for the award of the rights and services due to victims of crimes, Merkosky argued that he was a victim of several crimes. [Doc. 105.] He stated that the investigating officer in his case, DEA Diversion Investigator Michael Malasky, falsely represented himself as a federal law enforcement officer. Merkosky said this violated several federal laws. [*Id.* at 3.] With his application to be declared a victim, Merkosky also contended that agent Malasky made false statements in his affidavit supporting a search warrant, violating several federal laws. [*Id.*] Agent Malasky allegedly stated in his affidavit that there were seven cases of pseudoephedrine with lot # 9964123A but in fact, according to another investigator, there were only two cases bearing that lot number. [*Id.*] Moreover, Merkosky argued that agent Malasky falsely testified before the grand jury by misstating the law governing reporting and recording thresholds of pseudoephedrine distributors. [*Id.*] In support of this argument, Merkosky relied upon the Eighth Circuit's decision in *United States v. Brown*, 461 F.3d 1062 (8th Cir. 2006) that was published *after* agent Malasky's testimony. [*Id.*] Merkosky further argued that Assistant United States Attorney Edward Feran, who prosecuted Merkosky's case, perpetrated fraud on the grand jury for allowing Malasky's misstatement to stand. [*Id.* at 4.]

Additionally, Defendant Merkosky alleged in his motion for the award of the rights and services due to victims of crimes that two persons committed perjury in their testimony at his trial. [*Id.*] Both of these individuals stated that their companies had never purchased pseudoephedrine from the Defendant's company, but the Defendant pointed to invoices and checks from both of their companies showing that they had indeed bought cases of pseudoephedrine. [*Id.*] Finally, Merkosky alleged that agent Malasky committed perjury when he stated that his first contact with the

Case No. 1:02-CR-00168-001
Gwin, J.

Defendant's company occurred in the spring of 1999. [*Id.*] Defendant Merkosky pointed to telephone records showing that the first contact actually took place in the fall of 1998. [*Id.*]

On April 11, 2008, the Court denied Merkosky's motion for the award of the rights and services due to victims of crimes. [Doc. 116.] The Court found that Merkosky failed "to establish that he ha[d] been denied any specific right that the Crime Victims Restitution Act confers upon victims," that "Merkosky's closed criminal case [was] an inappropriate forum in which to take up his purported victim status," and that "other district courts have found the Crime Victims Restitution Act does not confer any rights upon a victim until a prosecution is already begun." [*Id.* at 3 - 4.]

In a letter filed on September 19, 2008, Defendant Merkosky requests that the Court reconsider its denial of his motion for the award of the rights due to victims. [Doc. 119 at 1.] Merkosky argues that the primary authority for his claim is not the Eighth Circuit's decision in *United States v. Brown* but 21 C.F.R. 1310.04(f) – authority that was apparently available to agent Malasky and the Government prior to Malasky's testimony. [*Id.*] The Defendant thus suggests that the Court should reconsider its denial of the Defendant's motion "under the light of the correct primary authority." [*Id.*] The United States has not filed a response to the Defendant's motion for reconsideration.

**II. Legal Standard**

The Federal Rules do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding,

-3-

Case No. 1:02-CR-00168-001
Gwin, J.

may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to reconsider if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

### III. Analysis

In the instant motion for reconsideration, Defendant Merkosky claims that new authority on point should alter the Court's prior decision regarding Merkosky's motion for the award of the rights and services due to victims of crimes. The Defendant's motion for reconsideration does not succeed on the merits, however, as the Defendant could have previously presented this new authority when arguing in support of his motion for the award of victims' rights. Further, Merkosky has not demonstrated that a clear error of law or newly discovered evidence exists, that an intervening change in controlling law has occurred, or that the Court must reconsider its denial of his motion for victims' rights to prevent manifest injustice. In view of the lack of evidence supporting Merkosky's motion

Case No. 1:02-CR-00168-001
Gwin, J.

for reconsideration and the extraordinary nature of such motions, the Court finds it inappropriate to grant Merkosky's motion for reconsideration.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendant Ronald Merkosky's motion for reconsideration.

IT IS SO ORDERED.


Dated: November 10, 2008                         s/        *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE