```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
UNITED STATES OF AMERICA                  :      CASE NO. 1:02-CR-168
                                          :
            Plaintiff,                    :
                                          :
vs.                                       :      OPINION & ORDER
                                          :      [Resolving Doc. Nos. 125, 127.]
RONALD MERKOSKY,                          :
                                          :
            Defendant.                    :
                                          :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court are Defendant Ronald Merkosky's motions to proceed *in forma pauperis* with respect to his appeal from the Court's order denying Merkosky's motion for reconsideration of the Court's denial of Merkosky's motion for victim's rights, [Doc. 125.], and from the Court's denial of Merkosky's motion for leave to file excess pages. [Doc. 127.] Merkosky argues that he should be allowed to proceed *in forma pauperis* with respect to both appeals because he is currently incarcerated and cannot pay the necessary fees and costs associated with the appeals.

Under federal law, a district court can allow an individual to proceed in a lawsuit without requiring that he pay the generally-required court fees (otherwise known as proceeding *in forma pauperis*). *See* 28 U.S.C. § 1915(a). Congress enacted this law to ensure that individuals who do not have enough money to pay the required court costs nevertheless have meaningful access to the courts. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)).

Case No. 1:02-CR-168
Gwin, J.

An individual can proceed *in forma pauperis* by filing a good faith affidavit stating, among other things, that he is unable to pay the generally-required court costs. *See Adkins*, 335 U.S. at 342. In granting a motion to proceed *in forma pauperis*, the district court must consider whether the individual's appeal is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

The Supreme Court has recognized "that not all unsuccessful claims are frivolous." *Neitzke*, 490 U.S. at 329. Rather, the statute bars those actions that are "based on an indisputably meritless legal theory," or where a complaint's "factual contentions are clearly baseless." *Id.* at 327. The Sixth Circuit has held that "an *in forma pauperis*, *pro se* complaint may only be dismissed as frivolous . . . when the petitioner cannot make any claim with a rational or arguable basis in law or in fact." *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) (citation omitted); *see also Yaklich*, 148 F.3d at 600.

Defendant Merkosky has indicated that he is without funds to proceed on both appeals and he has set forth grounds for appeal that are not indisputably meritless or clearly baseless. Accordingly, the Court **GRANTS** Defendant Merkosky's motions to proceed *in forma pauperis* with respect to his appeal from the Court's order denying Merkosky's motion for reconsideration of the Court's denial of Merkosky's motion for victim's rights, [Doc. 125.], and from the Court's denial of Merkosky's motion for leave to file excess pages. [Doc. 127.]

IT IS SO ORDERED.

Dated: December 4, 2008      s/ *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE